IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL KREMERS**, | Case No. 3:21-cv-01717-IM |
| Plaintiff, | |
| v. | **OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| **HAGERTY INSURANCE AGENCY, LLC;** and **ESSENTIA INSURANCE COMPANY**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Nicholas A. Kahl, Nick Kahl, LLC, 209 SW Oak Street, Suite 400, Portland, OR 97204. Attorney for Plaintiff.

Candice J. Martin and Katie Buxman, Maloney Lauersdorf Reiner PC, 1111 E Burnside Street, Suite 300, Portland, OR 97214. Attorneys for Defendants.

This action comes before this Court on Hagerty Insurance Agency, LLC's and Essentia Insurance Company's ("Defendants") Motion for Summary Judgment. ECF 13. On October 16, 2019, Michael Kremers ("Plaintiff") was struck by an uninsured motorist. ECF 12 at ¶¶ 11–12. Plaintiff exhausted insurance coverage from his primary insurer. *Id.* at ¶ 13. Plaintiff then sought secondary Personal Injury Protection ("PIP") and Uninsured Motorist ("UM") coverage from Defendants, *id.* at ¶¶14–15, and Defendants denied Plaintiff's claim for UM benefits. *Id.* at ¶ 16.

Defendants' denial of Plaintiff's claim for UM benefits is the central issue in this action. Defendants ask this Court to find that there is no coverage for Plaintiff's UM claim under the relevant policy ("Policy") and that Defendants have not breached the insurance contract. ECF 13 at 1. Defendants further seek a declaratory judgment that the Policy is enforceable as written and an Order denying Plaintiff's requested injunction. *Id.* This Court finds that the Policy is enforceable and consequently Plaintiff is not entitled to coverage for his UM claim under the Policy. For the reasons set forth below, Defendants' Motion for Summary Judgment, ECF 13, is GRANTED.

## STANDARDS

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-movant, in opposition to the motion, "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The court views the evidence in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Clicks Billiards, Inc. v. Sixshooters*, Inc., 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks and citation omitted).

## BACKGROUND

There is no real dispute regarding the facts in this case—the following facts are all taken from the Parties' Joint Stipulation of Law and Facts. ECF 12.

### A.  Plaintiff's Vehicles and Insurances Policies

On or about May 15, 2009, Plaintiff purchased a 1965 Alfa Romeo Spider convertible ("Alfa Romeo"). *Id.* at ¶ 2. Plaintiff owned the Alfa Romeo until after October 16, 2019 (the date of the collision). *Id.* On or about May 15, 2009, Plaintiff applied for insurance from Essentia Insurance Company for the Alfa Romeo. *Id.* at ¶ 3. The application required Plaintiff to list a "regular use vehicle" other than the Alfa Romeo and disclose the insurance policy limits of coverage for that vehicle. *Id.* The application also required Plaintiff to select the use for the Alfa Romeo. *Id.* Plaintiff disclosed two other vehicles as regular use vehicles and designated the use of the Alfa Romeo as "Pleasure." *Id.*

Plaintiff certified on the application that the Alfa Romeo "will be used on a limited basis consistent with the operation of a collectible vehicle such as occasional pleasure drives and club/hobby activities;" that it "will not be used frequently for regular driving to and from work or school, shopping, errands, general transportation or back-up use;" that "[e]ach driver within my household has a separately insured regular use vehicle of which he or she is the primary operator;" and that the regular use vehicles were insured separately and that in no event would the Alfa Romeo policy serve as Plaintiff's household's only auto insurance. *Id.* at ¶¶ 4–5. Essentia Insurance Company then issued the Policy (policy number 4N14278) to Plaintiff listing

the Alfa Romeo.[1] *Id.* at ¶ 6. The Policy was renewed annually with the relevant renewal

beginning effective May 8, 2019. *Id.*

On or about May 3, 2011, Plaintiff purchased a 2008 Mercedes 350 ("Mercedes"). *Id.* at

¶ 1. Plaintiff owned the Mercedes until after October 16, 2019 (the date of the collision). *Id.* The

Mercedes was available for Plaintiff's regular use at all material times, *id.* at ¶ 27—he had access

to the keys to the Mercedes at all relevant times, had access to use the vehicle at any time he

wished, and used it for most of his ordinary driving, such as commuting and household errands.

*Id.* at ¶ 1. As of October 16, 2019, Plaintiff's Mercedes was insured by a separate auto policy

issued by Travelers Commercial Insurance Company ("Travelers"), which contained a PIP and

UM coverage limit of $500,000. *Id.* at ¶ 7. Also as of October 16, 2019, Plaintiff had no other

auto insurance other than the policies described above on the Alfa Romeo, the Mercedes, or on

which he was the named insured. *Id.* at ¶ 8. Finally, at the time of the accident, no other vehicle

Plaintiff owned was out of service, being repaired or serviced, or otherwise unavailable to

Plaintiff. *Id.* at ¶ 10.

**B.  The Accident**

On October 16, 2019, Plaintiff was driving the Mercedes on a personal errand in

Portland, Oregon. *Id.* at ¶ 9. At approximately 6:30 p.m., Plaintiff was struck by an intoxicated,

fifteen-year-old, uninsured driver. *Id.* at ¶ 11. Plaintiff bears no legal fault or liability for the

accident. *Id.* Plaintiff suffered bodily injuries from the accident and sought medical care. *Id.* at

¶¶ 11, 13. Plaintiff exhausted all available PIP and UM benefits from his primary insurer,

Travelers. *Id.* at ¶ 13. On June 1, 2021, Plaintiff's attorney notified Essentia Insurance Company

---

[1] In the Complaint, Plaintiff alleges that the Policy was issued by Hagerty Insurance Agency, LLC and underwritten by Essentia Insurance Company. ECF 1-2 at ¶ 11.

that he was seeking secondary PIP and UM benefits from the Policy. *Id.* at ¶ 14. Essentia

provided Plaintiff with PIP benefits up to the available policy limits but denied Plaintiff's request

for UM benefits. *Id.* at ¶¶ 15–16.

**C. Policy Provisions at Issue**

The Policy contains the following relevant provisions:

DEFINITIONS:

1. Throughout this policy, "you" and "your" refer to the named insured shown in the Declarations; and:

      a. The spouse; or

. . .

2. "Family member" . . . [meaning] a person related to you by blood, marriage, domestic partnership under Oregon law or adoption who is a resident of your household. This includes a ward or foster child.

ECF 12-2 at 17 (State Endorsement – Oregon, AC 001 OR 05 18).

DEFINITIONS:

I. "Your covered auto" means:

      1. Any "antique vehicle" or "classic vehicle" shown in the Declarations.

      2. Any "antique vehicle" or "classic vehicle" on the date you became owner during the policy period, whether as a new vehicle or replacement of a vehicle shown in the Declarations, provided that:

            a. It is in stock condition and has not been modified from the original manufactured design;

            b. You ask us to insure it within thirty days after you become the owner; and

            c. We insure all of your collector vehicles.

*Id.* at 23 (Automatic Coverage for Additional Vehicles, AC 000904 07).

INSURANCE AGREEMENTS

F. "Insured" as used in this endorsement means:

PAGE 5 – OPINION AND ORDER

> 1. You or a "family member" while "occupying" "your covered auto."
>
> . . .
>
> However, "insured" shall NOT mean and does NOT include:
>
> 1. You
>
> . . .
>
> while "occupying, operating or otherwise using any vehicle owned by, or furnished or available for the regular use of, you, or any person related to you who resides with you, if that vehicle is not "your covered auto".

*Id.* at 35 (Uninsured Motorist Coverage – Oregon, AC 002 OR 05 18).

EXCLUSIONS

A.  Uninsured Motorists Coverage does NOT cover "bodily injury" or "property damage" sustained by an "insured" or any person:

. . .

> 4. That occurs while "occupying", operating or otherwise using any vehicle owned by, or furnished or available for the regular use of, you, a "family member" or any person related to you who resides with you, if that vehicle is not "your covered auto".

*Id.* at 38–39 (Uninsured Motorist Coverage – Oregon, AC 002 OR 05 18).

The Alfa Romeo is an "Antique Vehicle" and "Your covered auto" as defined by the Policy. ECF 12 at ¶ 21. The Mercedes is not an "Antique Vehicle", "Classic Vehicle" or "Your covered auto" as defined by the Policy and was not the vehicle described in the Policy. *Id.* at ¶ 22. Plaintiff is a "You" as defined by the Policy and a "named insured" as defined by the policy. *Id.* at ¶ 24. The damages claimed by Plaintiff include "bodily injury" as defined by the policy. *Id.* at ¶ 25. Plaintiff was occupying and operating the Mercedes as those terms are defined by the Policy at the time of the accident, *id.* at ¶ 26; he owned the Mercedes and it was available for his regular use at all material times, *id.* at ¶ 27; and the Mercedes was not a new vehicle, substitute

vehicle, or newly acquired vehicle as those terms are used by the Policy or ORS 742.500 et. seq., *id.* at ¶ 23.

## DISCUSSION

Every motor vehicle insurance policy in Oregon must have UM coverage. ORS 742.502(a). ORS 742.504 sets out a comprehensive model UM insurance policy. *Vega v. Farmers Ins. Co.*, 323 Or. 291, 302 (1996); *Batten v. State Farm Mut. Auto. Ins. Co.*, 368 Or. 538, 542 (2021). All UM provisions must provide "uninsured motorist coverage that in each instance is no less favorable in any respect to the insured or the beneficiary than if the [statutory] provisions were set forth in the policy." ORS 742.504. However, an insurer is not required to "reproduce in the policy the particular language" of any of the provisions found in ORS 742.504. *Id.* An insurer may add terms that are neutral or that are more favorable to the insured. *Vega*, 323 Or. at 298.

The Oregon Supreme Court has explained that, when considering whether an insurance policy comports with the statutory model, courts should not focus simply on the language of the policy. *Id.* at 299. Rather than conducting a line-by-line comparison of the policy and statutory provisions, courts should consider the coverage provided under the policy "as a comprehensive whole." *Id.* at 299, 301 ("[T]he validity of a challenged [UM] provision must be tested, not by a direct comparison between the challenged provision with an individual statutory provision but, instead, by a comparison between *coverage* offered by the policy containing the challenged provision and the *coverage* offered by a hypothetical policy containing the provisions set out at ORS 742.504(1) to (12).")." In examining the policy provisions at issue, courts should look to the plain meaning of the terms. *Clinical Rsch. Inst. of S. Or., P.C. v. Kemper Ins. Cos.*, 191 Or. App.

595, 600, 150 (2004).[2] Courts in Oregon adopt a "liberal construction" in favor of the insured, particularly when interpreting exclusion clauses. *Land v. W. Coast Life Ins. Co.*, 201 Or. 397, 401 (1954); *United Pac. Ins. Co. v. Truck Ins. Exch.*, 273 Or. 283, 293 (1975).

Applying *Vega*, the Oregon Supreme Court explained in *Erickson v. Famers Ins. Co. of Oregon*, that when provisions of a motor vehicle insurance policy deny coverage where the statutory model provisions mandate coverage, those provisions are unenforceable. 331 Or. 681, 685 (2001). A court should then consider whether the remaining policy terms provide coverage for the claim. *Id.* at 687. Following this framework, this Court must (1) determine whether the relevant provisions of the Policy are enforceable; (2) if the provisions are not enforceable, strike the unenforceable provisions from the Policy; and (3) determine whether the Policy nonetheless provides coverage.

## A. Enforceability of the Policy

### 1. Parties' Arguments

In their Motion for Summary Judgment, Defendants argue that Oregon law expressly permits the UM exclusion contained in the Policy. ECF 13 at 12. The Policy's UM exclusion states, in relevant part:

> "Uninsured Motorist Coverage" does NOT cover "bodily injury" or "property damage" sustained by an "insured" or any person . . . [t]hat occurs while "occupying", operating or otherwise using any vehicle owned by, or furnished or available for the regular use of you, a "family member" or any other person related to you who resides with you, if that vehicle is not "your covered auto."

---

[2] If the wording of a policy provisions is ambiguous, the provision should be construed in favor of the insured. *Shadbolt v. Farmers Ins. Exchange*, 275 Or. 407, 411 (1976). This Court presumes that the provisions at issue are unambiguous as neither party raises this issue in their briefing.

ECF 12-2 at 38–39 ("Regular Use Exclusion"). The statutory model found in ORS

704.504 states:

> This coverage does not apply to bodily injury to an insured while occupying a vehicle, other than an insured vehicle, owned by, or furnished for the regular use of, the named insured or any relative resident in the same household, or through being struck by the vehicle.

ORS 704.504(4)(b). Defendants argue that because Plaintiff has stipulated that he owned

the Mercedes and it was available for his regular use at all material times, ECF 12 at ¶ 27,

exclusion of coverage for Plaintiff's claim arising from an injury sustained while driving the

Mercedes is expressly permitted by ORS 704.504(4)(b). ECF 13 at 12.

Plaintiff does not contest that the comprehensive model UM insurance policy set forth in

ORS 743.504 contains an exclusion for injury sustained while occupying a regular use vehicle.

Rather, Plaintiff contends that Defendants' analysis is flawed. Plaintiff argues that the Policy

must not be less favorable than the statutory model *in any respect* even if for reasons unrelated to

the facts of this case. ECF 14 at 6 n.3. Plaintiff explains that the definitions contained in the

Policy are impermissibly narrow: "insured" is defined as "[y]ou or a family member while

occupying your covered auto" and specifically excludes "you" while occupying any vehicle that

is not "your covered auto." *Id.* at 4–5 (internal quotation marks omitted); *see also* ECF 12-2 at

35. Plaintiff argues that the Policy's coverage for UM claims is thus narrower than that required

by Oregon law because it does not expressly provide coverage for newly acquired or substitute

vehicles as required by ORS 742.504(d)(A). ECF 14 at 5. The model provisions found in ORS

742.504(d)(A) state that an insured vehicle means "[t]he vehicle described in the policy or a

newly acquired or substitute vehicle, as each of those terms is defined in the public liability

coverage of the policy . . . ." Likewise, Plaintiff argues that the Regular Use Exclusion is also

less favorable than the statutory model because it too does not provide coverage for a newly acquired or substitute vehicle. *Id.* at 8–9.[3]

Defendants reply that even if the Policy were identical to the statutory model provisions, Plaintiff's claim would still not be covered because Plaintiff has conceded that the Mercedes was "not a new vehicle, substitute vehicle, or newly acquired vehicle as those terms are used the Policy or ORS 742.500 et. seq." ECF 15 at 2; ECF 12 at ¶ 23. Defendants contend therefore that whether the Policy covers newly acquired or substitute vehicles is not at issue in this case. ECF 15 at 2. Defendants argue that there is no case law requiring a court to inquire further if the coverage for the claim at issue is the same as the coverage required by the statute, as is the case here. *Id.* at 4. Defendants also argue that, notwithstanding the fact that Plaintiff was not driving a newly acquired or substitute vehicle, the Policy provides coverage for such vehicles: the definition of "your covered auto" includes new or replacement vehicles and only excludes coverage for vehicles that are "owned." *Id.* at 2.[4]

---

[3] Plaintiff also points out that, for the same reasons, the following provision is impermissibly narrow: "This policy provides the coverage(s) you have elected and paid for, but only for your ownership, maintenance and use of 'your covered auto'." ECF 14 at 9. Plaintiff further argues that the following provision violates the Court's command in *Erickson*: "exclusions" should be "changed to the extent necessary to conform to Oregon law" and "[b]e construed, to the extent permitted by law, to exclude any coverage that is not required to be provided and exclude all amounts greater than the minimum amounts of coverage required by law." *Id.* at 9–10. Plaintiff argues that unenforceable provisions may not be "changed" to comport with Oregon law—instead, offending provisions should be merely stricken. *Id.* at 10 (citing *Erickson*, 331 Or. at 687).

[4] Defendants argue that a "substitute" vehicle can never be an "owned" vehicle because a "substitute vehicle" as defined by ORS 742.450 is a vehicle "provided" to the insured by a person engaged in the business or repairing or servicing motor vehicles and is "provided" to the insured as a temporary replacement vehicle while the named insured's vehicle is being repaired or serviced. ECF 15 at 8; *id.* at 8 n.7; *see also* ORS 742.450(5)(a)–(b). Defendants thus argue that, even if this Court were to address Plaintiff's challenge regarding coverage for newly acquired or substitute vehicles, this Court should conclude that such claims would be properly covered under the Policy.

2.  **Legal Analysis**

Neither Defendants nor Plaintiff identify any case law that expressly addresses the critical issue in this case: whether the challenge raised to an insurance policy provision must directly implicate the specific facts in a lawsuit for that provision to be found less favorable than the statutory model. The Ninth Circuit recently addressed this question: in *Estes v. State Farm Mut. Auto. Ins. Co.*, the Court considered whether a claimant can "have an exclusion deemed void where the challenged part of the exclusion does not implicate the facts in that claimant's case." No. 21-35446, 2022 WL 1714237, at *1 (9th Cir. May 27, 2022). The plaintiff in *Estes* argued that his insurance policy's regular use exclusion was less favorable than the model provision because it denied coverage for substitute vehicles. *Id.* However, the plaintiff in Estes was not operating a substitute vehicle when he was injured. The Ninth Circuit concluded that Plaintiff's argument failed: "Neither *Erickson* nor any other controlling authority that we are aware of permits a claimant to have an exclusion deemed void where the challenged part of the exclusion does not implicate the facts in that claimant's case." *Id.* The Ninth Circuit explained that the statute requires UM coverage that "in each instance is no less favorable in any respect *to the insured or the beneficiary* than if the [statutory] provisions were set forth in the policy," *id.* (quoting ORS 742.504), and that ORS 742.504(2)(c)'s definition of "insured" is "[t]he named insured as stated in the policy." *Id.* The Ninth Circuit therefore concluded that the statute only imposes a duty to provide coverage *to the claimant*, not to any potential person, that is no less favorable *to that claimant* than if they had been insured under the statutory model provisions. *Id.*

While *Estes* is an unpublished opinion and therefore not binding on this Court, this Court agrees with the Ninth Circuit's reasoning. And while this Court must generally construe insurance policies against the insurer, this Court finds no reason to consider whether the Policy would provide coverage for a claim that is not at issue in this case. Similar to the plaintiff in

*Estes*, Plaintiff argues that the Policy's regular use exclusion is less favorable than the model

provision because it denies coverage for newly acquired or substitute vehicles. Also similar to

the plaintiff in *Estes*, Plaintiff was not driving a newly acquired or substitute vehicle. In the

absence of any case law proffered by the parties to the contrary, this Court finds that the Regular

Use Exclusion in the Policy should not be found unenforceable based on facts that are not at

issue in this case. The Regular Use Exclusion is nearly identical to the exclusion found in the

model statute. Plaintiff has stipulated that he was operating a vehicle that he owned and was

available to him for regular use. Plaintiff would therefore not be entitled to coverage even if the

Policy contained the exact same provisions as found in the statutory model.[5]

Accordingly, the Regular Use Exclusion is enforceable and applies to Plaintiff's claim.

This Court finds it unnecessary to address the other provisions raised in Plaintiff's response

about which Plaintiff raises the same arguments. This Court also finds it unnecessary to address

---

[5] Moreover, this Court notes that regular use exclusions, that at least do not address substitute vehicles, have been upheld by courts in this district. *See, e.g.*, *Sosa v. State Farm Mut. Auto. Ins. Co.*, No. 6:22-CV-00059-MC, 2022 WL 17251351, at *2, *4 (D. Or. Nov. 28, 2022) (concluding that an exclusion that denied coverage for an insured "while occupying a motor vehicle owned by or furnished for the regular use of you if it is not your car or a newly acquired car" was "at least as favorable to the insured as the statutory model . . . [and] valid and enforceable under Oregon law"); *see also State Farm Mut. Auto. Ins. Co. v. Watkins Todt*, No. 6:21-CV-01650-MC, 2022 WL 3368821, at *2, *4 (D. Or. Aug. 16, 2022) (same). This Court also notes that at least one Oregon court—when considering whether a vehicle was furnished for regular use and, therefore, fell within the meaning of a regular use exclusion—seemed to assume that regular use exclusions, similar to the one contained in the Policy, are enforceable. *See, e.g.*, *N. Pac. Ins. Co. v. Anderson*, 110 Or. App. 269, 271, 274 (1991) (presuming that an exclusion that denied coverage "while occupying, or when struck by, any type of motor vehicle or trailer owned or furnished or available for regular use by you or any family member which is not insured for this coverage under this policy" was enforceable); *see also id.* at 273 (explaining that the primary purpose of a regular use exclusion is to "prevent an insured from having the benefit of coverage for two automobiles which may both be 'regularly or frequently used' by him or by members of the same household, in return for payment of a premium based upon insurance for the single automobile described in the policy.") (quoting *Shadbolt v. Farmers Insur. Exch.*, 275 Or. 407, 412 (1976)).

the provision contained in the Policy that asks that exclusions "be changed" to comport with Oregon law as this Court has found the Regular Use Exclusion enforceable.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is GRANTED. The Regular Use exclusion is enforceable and applies to Plaintiff's claim. Therefore, Plaintiff is not entitled to benefits under the Policy for his UM claim, and Defendants did not breach the insurance contract by denying Plaintiff's claim for coverage. Plaintiff's request for an injunction prohibiting Defendants from administering the UM provisions in a manner inconsistent with this Court's ruling is DENIED as moot.

**IT IS SO ORDERED**.

DATED this 7th day of March, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 13 – OPINION AND ORDER